**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THOMAS MEROLA, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> LYDELL SHERRER, et al., : <br> : <br> Respondents. : | Civil No. 07-948 (SDW) <br><br> **O P I N I O N** |

**APPEARANCES:**

    THOMAS MEROLA, Petitioner Pro Se
    #76925/765890A
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

**Susan D. Wigenton, District Judge**

This matter is before the Court on petitioner THOMAS MEROLA's (hereinafter "Petitioner") application for habeas corpus relief under 28 U.S.C. § 2254 (hereinafter "Petition").[1] For the reasons stated below, the petition for habeas relief will be denied for failure to make a showing of a federal deprivation.

---

[1] This matter comes before the Court on the Order issued by the United States Court of Appeals for the Third Circuit (1) denying Petitioner leave to file a successive § 2254 petition on the ground that the instant application is not a second or successive petition; and (2) transferring Petitioner's application to this Court to be treated as a § 2254 petition. See Merola v. Sherrer, 07-948 (SDW), Docket Entry No. 2.

Petitioner, currently in custody at the Northern State Prison in Newark, New Jersey, pursuant to a state court judgment of conviction, began serving his thirty-year sentence in September of 1984. See Merola v. Sherrer, 07-948 (SDW), Docket Entry No. 2-4, at 2 (reproducing Merola v. Beyer, 90-971 (JWB) (hereinafter "Merola, D.N.J.", at 2 (D.N.J. June 29, 1990) (J.W. Bissel, C.J.)).

Petitioner's appeal of his conviction and sentence to New Jersey Superior Court, Appellate Division, was denied on October 28, 1986, see State v. Merola, 214 N.J. Super. 108 (N.J. Super. App. Div. 1986), and the Supreme Court of New Jersey denied Petitioner certification on April 19, 1989. See State v. Merola, 117 N.J. 37 (1989). Subsequently, Petitioner filed with the Court a § 2254 petition for a writ of habeas corpus stating five grounds for relief, the fifth of which was Petitioner's claim that Petitioner's "sentence [was] illegal and excessive." See Merola, D.N.J., at 2. Denying Petitioner's § 2254 petition, Chief Judge Bissel noted that, while the "sentencing issue . . . [dealing with New Jersey Department of Corrections' (hereinafter "DOC") decision to affirm] the 30-year parole disqualifier of [Petitioner's] term and his work credits" was raised before the state courts, the petition had to be dismissed as mixed in view of other claims "[t]he merits of [which were] not addressed" by the state courts. Id., at 6. Therefore, Petitioner's challenges to the DOC's computation of his sentence were not examined by a federal court.

Petitioner then expressly challenged DOC's computation of his sentence in the state courts. Petitioner's challenges, the pertinent background and the legal basis indicating invalidity of Petitioner's challenges were summarized by the Superior Court of New Jersey, Appellate Division, as follows:

> Merola[,] a convicted murderer[,] . . . contends that his thirty-year mandatory minimum sentence for murder can be reduced through the application of commutation and work credits earned during his incarceration. . . .
>
> [A] jury convicted Merola of five criminal offenses: first degree murder, first degree robbery, two counts of second degree aggravated assault, and second degree possession of a firearm with a purpose to use it unlawfully against the person of another, [and the trial judge] sentenced [Merola] pursuant to N.J.S.A. 2C:11-3b to a "term of thirty . . . years and until released in accordance with law, without parole." His conviction for possession of the firearm was merged into the robbery conviction. For his conviction for first degree robbery, Merola was sentenced to fifteen years in prison with a seven and one-half year period of parole ineligibility. For his convictions of second degree aggravated assault, he was sentenced to two seven-year terms of imprisonment with two three and one-half year periods of parole ineligibility. Merola's sentences on these other charges were to run concurrent to his sentence for murder.
>
> . . . Merola wrote to the DOC requesting a "written calculation depicting the exact date of my maximum sentence minus work and commutation credits if I continue to be housed at N.J. State Prison." A . . . Classification Officer . . . calculated Merola's release date . . . mistakenly believing that Merola was not sentenced to a mandatory minimum term of thirty years [end erroneously] reduced the date for his parole eligibility by more than ten years . . . [The error was later corrected, and] Merola was informed that his term of incarceration would not end until. . . thirty years from the date of his sentencing minus credit for time he served in jail prior to his sentencing.

> Merola . . . filed an appeal . . . challeng[ing] the DOC's determination that the thirty-year mandatory minimum sentence imposed on him cannot be reduced by commutation and work credits [and alleging that the thirty year period must mean "statutory maximum" rather than "mandatory minimum." The Appellate Division rejected Merola's claim.] The sentence imposed on Merola for his murder conviction was clear: a "term of thirty . . . years and until released in accordance with law, without parole." The language used by the sentencing court was unambiguous in its intention to impose a mandatory *minimum* term of thirty years of incarceration.
>
> Merola was sentenced pursuant to N.J.S.A. 2C:11-3b, which sets forth the appropriate punishments for murder. The statute provides for the imposition of a death sentence as well as two alternatives, both of which must include a thirty-year mandatory minimum term of imprisonment. . . . The language of N.J.S.A. 2C:11-3b is plain and requires no interpretation. . . . When enacting N.J.S.A. 2C:11-3b, the Legislature made it plain that convicted murderers would have to remain in prison for a minimum of thirty years. At the time that this statute was amended and New Jersey's death penalty legislation was enacted, both effective August 6, 1982, the Legislature and the Governor expressly stated that N.J.S.A. 2C:11-3b provided for mandatory minimum sentences for all convicted murderers not sentenced to death. [Moreover, the] Legislature has enacted unambiguous statutes prohibiting the reduction of mandatory minimum sentences through the application of commutation and work credits. Those provisions clearly declare that commutation and work credits cannot reduce a statutorily or judicially-imposed mandatory minimum term of imprisonment. . . . The Parole Act of 1979, N.J.S.A. 30:4-123.45 to .69, of which N.J.S.A. 30:4-123.51(a) is a part, explicitly recognizes that "no provisions of the New Jersey Code of Criminal Justice shall be superseded hereby." N.J.S.A. 30:4-123.69. Thus, the Legislature could not have made any clearer its intention to prohibit the reduction of mandatory minimum sentences through application of commutation and work credits.

<u>Merola v. Department of Corrections</u>, 285 N.J. Super. 501, 503-14 (hereinafter "<u>Merola</u>") (N.J. Super., App. Div. 1995). When Petitioner challenged the <u>Merola</u> decision in the Supreme Court of

4

New Jersey, the Supreme Court denied Petitioner certification on February 2, 1987.  See 526 A.2d 168 (1996).

Petitioner now styles his Petition as if he is challenging computation of his prison sentence on the grounds that the current law affecting computation of sentences violates the Ex Post Facto Clause of the United States Constitution.  First, Petitioner asserts that a statutory amendment (hereinafter "Amendment") enacted after Petitioner's commission of underlying offenses, his conviction, his sentencing, DOC's computation of his sentence and also after issuance of the Merola decision, changed the meaning of the phrase "term of thirty . . . years and until released in accordance with law, without parole" from implying a reducible "statutory maximum" to that implying a non-reducible "mandatory minimum."  See Pet. at 3-6 ("there has been a legislative alteration [of the murder statute under which Petitioner was convicted] in violation of the Ex Post Facto Clause . . . The murder statute has been amended specifically denying the application of work and commutation credits from no longer being able to be reduced a "maximum term" after Merola . . . was decided, which means the previous statute meant the exact contrary").  From that assertion, Petitioner deduces that the pre-Amendment provision must have meant for the phrase "term of thirty . . . years and until released in accordance with law, without parole" to imply a reducible "statutory maximum."  See id.  Consequently, Petitioner

5

alleges that (1) the Superior Court of New Jersey, Appellate Division, erred in its Merola decision because the phrase "term of thirty . . . years and until released in accordance with law, without parole" should have been interpreted as thirty years minus commutation and work credits rather than to thirty years without such reductions, and (2) the New Jersey Legislature enacted an Amendment that "rubber stamped" the Merola decision into a statutory regime which violates the Ex Post Facto Clause if applied to prisoners who committed their offenses prior to the Amendment. In addition, Petitioner maintains that his sentence should be reduced in view of Petitioner's concurrent sentences amenable to work and commutation credits. See Pet. at 4.

## DISCUSSION

Although it appears that Petitioner's ex post facto claim was never addressed by the state courts, see generally, Pet., and Petitioner exhausted only those claims that were addressed by the Appellate Division in Merola, this Court may still examine Petitioner's Petition on merits in its entirety if Petitioner's ex post facto claim does not present a colorable federal issue. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997) (district court may deny an unexhausted petition on the merits under § 2254(b)(2) "if it is perfectly clear that the applicant does not raise even a colorable federal claim").

6

**I.   Petitioner's Petition Raises No Ex Post Facto Challenges**

Petitioner mixes apples and oranges styling his Petition as a challenge based on the grounds that the current law affecting computation of sentences violates the Ex Post Facto Clause of the United States Constitution since Petitioner's sentence and DOC's computation of his sentence were *not* executed under the current law but under the pre-Amendment legal regime examined in Merola. Therefore, regardless of Petitioner's styling efforts, his Petition has no ex post facto aspects. The Ex Post Facto Clause of the U.S. Constitution bars only those "enactments, which by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-50 (2000) (citations omitted). Therefore, unless Petitioner had his sentence recalculated under the regime that was not in existence at the time when Petitioner was convicted and sentenced, Petitioner has no ex post facto challenge. Since Petitioner's Petition is silent as to any recalculations by the DOC that took place under the post-Amendment regime, this Court has no reason to conclude that the Ex Post Facto Clause has any relevance to the Petition.

**II.  Petitioner's Challenges Based on the Pre-Amendment Regime**

While Petitioner does not expressly challenge the Appellate Division's decision in Merola, the Petition indicate exactly this very challenge: since Petitioner claims that the DOC and the

7

Appellate Division interpreted the pre-Amendment regime to mean what the post-Amendment regime requires, Petitioner challenges the DOC and Appellate Division's interpretation of the pre-Amendment regime defined in Merola. Such challenge, however, is of no merit because Petitioner's disagreement with the state court's interpretation of the state law does not indicate that Petitioner's federal rights were violated.[2]

In fact, Petitioner's argument is nothing but a petitio principii tautology since (1) Petitioner initially presumes that the statutory Amendment must have changed the meaning of the phrase "term of thirty . . . years and until released in accordance with law, without parole" from implying a reducible "statutory maximum" to that implying a non-reducible "mandatory minimum," (2) then deduces from this self-serving presumption that the pre-Amendment provision must have meant for the phrase to imply a reducible "statutory maximum"; and then (3) concludes that the Appellate

---

[2]

In addition, Petitioner's § 2254 challenge to Merola decision appears to be woefully time barred since: (1) the Supreme Court of New Jersey denied Petitioner certification on February 2, 1987; (2) Petitioner did not seek any post-conviction relief with respect to the matter;(3) the Petition is silent as to any grounds for equitable tolling; and, therefore, (4) Petitioner's period of limitations expired on May 3, 1988, that is, *about eighteen and a half years prior to Petitioner's filing of the instant action* with the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(d)(1); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998); see also Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005);  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Division erred in its Merola opinion by coming to a deduction other than that of Petitioner's. See Pet. at 3-6. Obviously, this circular argument is of no merit.

It appears that Petitioner tries to break the circle by asserting that (1) the Legislature had no reason to enact the Amendment if the Legislature wished to retain the pre-Amendment meaning of the phrase "term of thirty . . . years and until released in accordance with law, without parole" detected by the Appellate Division in its Merola decision; and, therefore, (2) the very fact that the Amendment was enacted by the Legislature indicated that the pre-Amendment meaning of the phrase was opposite to that detected by the state court in Merola. See id. Petitioner errs. While the Legislature needed to enact the Amendment in order to change the pre-Amendment regime, *the Amendment was not enacted to alter the regime with respect to inmates like Petitioner*, that is, those serving a term of years. As the state court explained,

> [the] amendment to N.J.S.A. § 2C:11-3 provided that, if a convict was sentenced to life imprisonment without parole, such convict should not have been entitled to commutation and work credits towards the convict's sentence. See P.L.2000, Ch. 88, reprinted in, 2000 N.J. Laws 88. The reason why the . . . amendment's clarifying language with respect to commutation and work credits was needed . . . was that there could be no "mandatory minimum" in a life sentence and, therefore, the provisions of N.J.S.A. 30:4-123.51, which prohibited commutation credits towards a mandatory minimum term, would have not applied. See id. However, the . . . amendment to the Criminal Code had no bearing on Petitioner's case, because Petitioner was not sentenced to life imprisonment.

9

Shakur v. Cathel, 2006 U.S. Dist. LEXIS 52558, at *4-10 and n.2 (D.N.J. July 12, 2006) (quoting Shakur v. New Jersey Dep't of Corrections, A-4964-0375, at 2-5 (Jan. 24, 2005), another decision by the Appellate Division, which examined a challenge analogous to that raised by Petitioner and discussed a number of amendments, out of which only one is raised by Petitioner, since it is the Amendment affecting calculation of sentences) (original brackets omitted); see also Judson v. Sherrer, 2006 U.S. Dist. LEXIS 64489 (D.N.J. Sept. 11, 2006) (coming to the same conclusion); Peterson v. Ortiz, 2006 U.S. Dist. LEXIS 34923 (D.N.J. May 30, 2006) (same); Camillo v. Hendricks, 2005 U.S. Dist. LEXIS 18146 (D.N.J. Aug. 17, 2005) (same).

Stripped of its circular chain of deductions, Petitioner's allegations present nothing but a bare claim that the Appellate Division erroneously interpreted the state law by concluding in its Merola decision that the pre-Amendment provision must have meant for the phrase "term of thirty . . . years and until released in accordance with law, without parole" to imply a reducible "statutory maximum." See Pet. at 3-6. This claim, however, presents a pure question of state law and does not offer a colorable federal issue. Therefore, this Court, being a federal body, holds no mandate to second-guess the state court interpretation of the state statute. Section 2254(a) provides, in pertinent part:

10

>       a district court shall entertain an application for a
>       writ of habeas corpus in behalf of a person in custody
>       pursuant to the judgment of a State court only on the
>       ground that he is in custody in violation of the
>       Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Significantly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it does not assert a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases. "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). A district court is not permitted to transform a ground asserting a violation of state law into a ground raising a violation of the federal Constitution, see Withrow v. Williams, 507 U.S. 680, 695-96 (1993); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999), and must give deference to determinations of state courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).

Therefore, Petitioner's challenges to the ruling made by the Appellate Division in Merola with respect to the meaning of the pre-Amendment statutory regime will be dismissed for failure to assert a federal claim.

### III. The Amendment Did Not Introduce a New Legal Regime

Even if this Court were to ignore the fact that Petitioner's Petition is silent as to any post-Amendment recalculations of Petitioner's sentence by the DOC, and presume that such recalculation actually took place, and the post-Amendment calculative regime was applied to Petitioner's sentence, Petitioner's claims would still fail to allege a violation of the Ex Post Facto Clause, because the Amendment merely clarified--rather than changed--the pre-Amendment regime.

Since the Ex Post Facto Clause of the U.S. Constitution bars only those "enactments, which by retroactive operation, increase the punishment for a crime after its commission," Garner, 529 U.S. at 249-50; Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979); Forman v. McCall, 709 F.2d 852, 859-63 (3d Cir. 1983), on appeal after remand, 776 F.2d 1156, 1163-64 (3d Cir. 1985), cert. denied, 476 U.S. 1119 (1986); Blair-Bey v. Quick, 333 U.S. App. D.C. 1, 159 F.3d 591, 592 (D.C. Cir. 1998), no amendment *clarifying* rather than *changing* the existing regime could possibly strip Petitioner from the right that Petitioner did not have in the first place.

12

Since it is undisputed that there is no federal right to commutation credits, see Wolff, 418 U.S. at 557, and the awarding of credits has always been a creation of the New Jersey Legislature, cf. Lipschitz v. State, 129 A.2d 310 (N.J. Super. Ct. App. Div. 1957), and it is equally undisputed that such credits can not be applied to reduce mandatory minimum sentences, see N.J.S.A. 30:4-123.51, no clarification made by the state court in Merola and adopted by the Legislature could create a "new" legal regime. The mere fact that Petitioner is displeased with the *clarification* provided in Merola, or Petitioner's self-serving speculations that Merola must have triggered the Amendment that changed the then-existing law cannot indicate that the statutory Amendment introduced a change rather than a clarification. See Shakur, 2006 U.S. Dist. LEXIS 52558, at *4-10.

Since this Court's limited mandate prevents this Court from second-guessing the state courts as to the meaning of the post-Amendment state law, just as it prevents this Court from second-guessing the meaning of pre-Amendment law, see Estelle, 502 U.S. at 67-68; Barry, 128 F.3d at 159, this Court has no reason to conclude that the post-Amendment regime changed the pre-Amendment calculus if the state courts found both models substantively identical. Therefore, this Court cannot conclude that any recalculation of Petitioner's sentence could have violated the Ex Post Facto Clause: both pre-amendment and post-amendment outcomes should have been and

13

were identical if such recalculation actually took place. See Shakur, 2006 U.S. Dist. LEXIS 52558, at *4-10. Accordingly, Petitioner's Petition for a writ of habeas corpus will be denied.[3]

## CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue. Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

---

[3] Applicability of credits to Petitioner's shorter sentences running concurrently to his thirty year term is irrelevant since these shorter sentences neither increase nor reduce Petitioner's thirty-year term. The credits may become relevant if, and only if, Petitioner's thirty year term is invalidated or so reduced as to make it shorter than at least one of those Petitioner's concurrent sentences which is subject to the credits. However, it appears that no such invalidation or reduction took place thus far. See generally, Pet.

**CONCLUSION**

Since the DOC's refusal to apply commutation and work credits to reduce Petitioner's mandatory prison term does not violate Petitioner's rights under the Ex Post Facto Clause, this Court denies Petitioner's Petition on the merits.

A certificate of appealability will not issue.

An appropriate Order accompanies this Opinion.


                                        **/s/   Susan D. Wigenton**
                                        **United States District Court**

Dated: 4/20/07